**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 28 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CINDI BEKINS, | No. 17-55461 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-02732-MMA-MDD |
| v. | |
| ASTRAZENECA PHARMACEUTICALS LP and ASTRAZENECA LP, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted June 14, 2018
San Francisco, California

Before: SILER,[**] PAEZ, and IKUTA, Circuit Judges.

From 2000 until 2017, Cindi Bekins was prescribed a succession of proton pump inhibitor (PPI) medications. PPIs are used to treat heartburn and gastroesophageal reflux disease. Three of the PPIs Bekins took—AcipHex, Nexium, and Nexium 24 HR—were manufactured by AstraZeneca.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

In 2011, after taking PPIs for approximately eleven years, Bekins was diagnosed with acute kidney failure.  Bekins filed suit against AstraZeneca in 2016, alleging that her kidney failure was caused by her use of PPIs.  AstraZeneca moved to dismiss, arguing that California's two-year statute of limitations for personal injury actions barred her claims.  *See* Cal. Civ. Proc. Code § 335.1.[1] Bekins responded by submitting a proposed amended complaint, alleging that in April 2016, she saw a TV commercial "identifying the link between PPIs . . . and kidney disease."  Bekins alleges this was the first time she was aware that her condition could have been caused by her use of AstraZeneca's PPI pharmaceuticals.  The district court granted AstraZeneca's motion to dismiss, holding that the allegations contained in Bekins' proposed amended complaint did not entitle her to tolling of the statute of limitations.

We review the district court's dismissal of Bekins' claims de novo because the dismissal was based upon the statute of limitations and the perceived futility of Bekins' proposed amended complaint.  *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004); *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1172 (9th Cir. 2016) (citations omitted).  We also review Bekins' entitlement to equitable tolling de novo because the relevant facts are undisputed at this stage.  *Jones*, 393

---

[1] We note that Cal. Civ. Proc. Code § 340.8, not § 335.1, is likely the more applicable statute of limitations for this action.  *See Nelson v. Indevus Pharm., Inc.*, 48 Cal. Rptr. 3d 668, 673–74 (Cal. Ct. App. 2006).

2

F.3d at 926 (citation omitted).  Finally, we review the district court's denial of leave to amend for an abuse of discretion.  *United Healthcare*, 848 F.3d at 1172.

Under California law, which governs this diversity action, "a cause of action accrues at the time when the cause of action is complete with all of its elements." *Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914, 920 (Cal. 2005) (citation and internal quotation marks omitted).  Because "the last element to occur is generally, as a practical matter, the injury to the future plaintiff," the statute of limitations typically begins to run on the date of the plaintiff's injury.  *Id.* at 921.

However, California's "discovery rule . . . delays accrual until the plaintiff has, or should have, inquiry notice of the cause of action."  *Id.* at 920.  A plaintiff has inquiry notice of a cause of action when she has "notice or information of circumstances to put a reasonable person on inquiry, or has the opportunity to obtain knowledge from sources open to [her] investigation."  *Gutierrez v. Mofid*, 705 P.2d 886, 888 (Cal. 1985) (cleaned up).  Put differently, "plaintiffs are required to conduct a reasonable investigation after becoming aware of an injury, and are charged with knowledge of the information that would have been revealed by such an investigation."  *Fox*, 110 P.3d at 920.

Here, because of the way California law defines an "injury," Bekins is entitled to application of the discovery rule.  "The term 'injury,' as used in determining the date of accrual of a cause of action, means both a person's

3

physical condition and its negligent cause." *Id.* at 920 n.2 (cleaned up). In other words, the plaintiff's "inquiry duty arises when [she] becomes aware of facts that would cause a reasonably prudent person to suspect [her] injuries were the result of wrongdoing." *Alexander v. Exxon Mobil*, 162 Cal. Rptr. 3d 617, 629 (Cal. Ct. App. 2013). And the statute of limitations begins to run when a "reasonable investigation . . . would have disclosed a factual basis for a cause of action." *Fox*, 110 P.3d at 921.

The district court correctly concluded that Bekins' original complaint fell short of establishing her entitlement to tolling based upon the discovery rule, because it contained no facts regarding how she discovered that her kidney failure may have been caused by AstraZeneca's wrongdoing. However, Bekins' proposed amended complaint alleges that she "was not aware of the connection between the use of PPIs and chronic kidney disease until April of 2016, when Plaintiff saw a television commercial identifying the link between PPIs . . . and kidney disease." Prior to viewing the commercial, Bekins alleges, she "did not have access to, or actually receive any studies or information recognizing the increased risk of chronic kidney disease with PPI use or have any discussions with her doctor that there was an association between her chronic kidney disease and PPI use."

Accepting those factual allegations as true—as we must do at the pleading stage, *see Turner v. City & Cty. of San Francisco.*, 788 F.3d 1206, 1210 (9th Cir.

4

2015)—Bekins neither knew nor had any reason to suspect that her condition was attributable to her ingestion of PPIs until 2016. Although it is true that Bekins knew she was suffering from kidney failure in 2011, that fact alone is not enough. "Under the discovery rule, the statute of limitations begins to run when the plaintiff suspects or should suspect that her injury was caused by wrongdoing, that someone has done something wrong to her." *Jolly v. Eli Lilly & Co.*, 751 P.2d 923, 927 (Cal. 1988). The proposed amended complaint sufficiently alleges that in 2011, Bekins had no reason to believe that AstraZeneca's PPI class of pharmaceuticals— or any other wrongful cause, for that matter—caused her kidney failure. Therefore, her duty to investigate was triggered by her viewing of the TV commercial in 2016, not by her initial diagnosis.

Contrary to AstraZeneca's suggestion, it is not enough that Bekins could have learned about the link between PPIs and kidney failure from the publicly-available studies mentioned in her complaint, if only she had looked. "The statute of limitations does not begin to run when some members of the public have a suspicion of wrongdoing, but only 'once the plaintiff *has* a suspicion of wrongdoing.'" *Nelson v. Indevus Pharm., Inc.*, 48 Cal. Rptr. 3d 668, 671 (Cal. Ct. App. 2006) (quoting *Jolly*, 751 P.2d at 928). In *Nelson*, the California Court of Appeal rejected a drug company's argument "that, having taken a prescription drug, [the plaintiff] had an obligation to read newspapers and watch television

5

news and otherwise seek out news of dangerous side effects not disclosed by the prescribing doctor, or indeed by the drug manufacturer." *Id.* at 672-73. Instead, the court held that "[a] patient who *actually* learns of the dangerous side effects of a drug she has taken ignores her knowledge at her peril, but the law only requires an investigation when a plaintiff has a reason to investigate." *Id.* at 673.

Such is the case here. As pleaded in her proposed amended complaint, Bekins had no reason to suspect that her kidney failure was caused by wrongdoing until 2016, when she viewed the TV commercial linking PPIs to kidney failure. Bekins has sufficiently pleaded her entitlement to tolling of the statute of limitations based upon California's discovery rule.[2] The district court therefore erred as a matter of law by holding that Bekins' proposed amended complaint was futile, and abused its discretion by denying her leave to amend. *See United Healthcare*, 848 F.3d at 1185.

**REVERSED AND REMANDED**.

---

[2] This case is still at the pleading stage. During discovery, additional facts may come to light that require the parties to revisit the statute of limitations issue. Our decision today should not be read to prohibit them from doing so.